HARWAY IMPROVEMENT COMPANY, Plaintiff, *v.* THE CITY OF NEW YORK et al., Defendants.

(Supreme Court, Kings Special Term, December, 1920.)

*Waters — conveyance of land under water in Gravesend bay to town of Gravesend by Lovelace patent and Dongan patent subject to rights of navigation — title to fee between bulkhead line and high-water mark — New York city, reserving all rights, gave private owners permission to fill in part of land under water.*

ACTION in partition, involving title to lands in Kings county, New York, and lands under water in Gravesend bay.

Claim of the city of New York to such lands under ancient charters to the towns of Gravesend and New Utrecht.

Effect of permit to fill in lands under water. Estoppel.

The city of New York, as successor of the town of Gravesend, holds title to the lands under water in Gravesend bay, under an unrecorded patent granted by Governor Lovelace to the town of Gravesend in 1670, and the recorded patent of Governor Dongan to Gravesend in 1686, confirming the Lovelace patent. Nature of city's title considered. Effect of bulkhead line in Gravesend bay, established under chapter 763, Laws of 1857, upon adjoining upland owners' riparian rights determined. Where an upland owner obtains a grant from the state to adjoining lands under water, upon notice to the city, and without objection by the city and later under a permit from the city fills in the said land under water, the city is not estopped in its claim to the filled in lands.

Cullen & Dykman (William N. Dykman, Francis J. Byrne, James R. Deering, James J. Dunn, of counsel), for plaintiff.

Dean, Tracy & McBarron (Philip S. Dean, of counsel), for defendant Hugh R. Partridge.

John P. O'Brien, corporation counsel (Charles J. Nehrbas, of counsel), for defendant the city of New York.

LAZANSKY, J. This case has been presented to the court with great care, precision and learning by the able counsel for plaintiff, after diligent research and preparation, and by the able assistant corporation counsel, whose keen insight of every phase of the case shows a profound study of the questions involved and

a conscientious devotion to his duty. Despite the earnest arguments of counsel for plaintiff and the presentation of facts which, it is claimed, did not appear in the case of *Somerville* v. *City of New York,* 78 Misc., Rep. 203, I am constrained to follow the conclusions reached in that case by the learned judge, then an active member of this court, both as to land that was conveyed by the unrecorded Lovelace patent, confirmed by the Dongan patent, to the town of Gravesend and as to the questions of estoppel raised by plaintiff. It is insisted that, even if the town of Gravesend received a patent to the land under water between the easternmost part of Coney Island and the southernmost part of Anthony Janson's holding as was held in the *Somerville* case and here held, subsequent events have resulted in the acquirement by plaintiff and the individual defendant of the fee to the land between the bulkhead line established by act of legislature and the high-water mark of the land of which it is conceded that plaintiff and the individual defendants are the owners in fee. While it may be true that where the sovereign power, owning the land under water for the benefit of the public, establishes a bulkhead line and provides that there shall be no fill outside of that bulkhead line, that the upland owner is authorized to fill in between the high-water mark and the bulkhead line and to use the land so acquired for his own purposes, in effect giving him a fee, it seems to me that such a rule can have no application to the case at bar. It is conceded by the city that the conveyance to the town of Gravesend by the Lovelace unrecorded patent, confirmed by the Dongan recorded patent, of the land in front of the foreshore of plaintiff's predecessor was for governmental purposes only, and subject to the rights of navigation. It may be that the fee was only a naked fee and that the ownership could bring no benefits to the town of Gravesend, yet

it nevertheless remains the fact that the fee was in the town of Gravesend. It received this fee from the sovereign power subject to the rights of navigation. Therefore, when the sovereign power undertook to define the limits of navigation, it could not thereby deprive the town of Gravesend and its successors of the fee which had been conveyed to it by an earlier sovereign power. It is not necessary for me to decide in this case of what value the fee in the city of New York is, or to what limitations it is subject except in so far as it will be found that the private owners have the usual riparian rights incident to upland ownership. I am not moved to a different conclusion by the claim that, since the city of New York permitted the private owners to fill in part of the land under water, title thereto vested in the private owner. While it may be that, if the fill had been made by the city or by its authority, without the consent of the private owner, the private owner might acquire a fee the same as in the case of a natural accretion, here the plaintiff made the fill, and it cannot claim to have acquired title by reason of its own act, although the city acquiesced in the act. Especially is this so where the permit granted by the city reserved all the city's rights.

Ordered accordingly.